IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

| | |
|---|---|
| United States of America | PLAINTIFF |
| V. | CRIMINAL NO. 5:13-CR-13-DCB-FKB-002 |
| Ricardo Gonzalez-Porras | DEFENDANT |

ORDER

BEFORE THE COURT is Ricardo Gonzalez-Porras ("Defendant")'s Motion to Notify the Court of Change in Defendant's Economic Circumstances and Set Restitution Payment Schedule ("Motion") [ECF No. 326]. The United States of America ("the Government") filed a Response in Opposition on September 8, 2023. [ECF No. 329]. The Court having examined the Motion, the submissions of the parties, the applicable legal authority, and being fully informed in the premises, finds as follows:

On July 15, 2016, the Court entered a judgment against Defendant and set restitution in the amount of $1,382,313.00. [ECF No. 250]. The Court ordered that payment is to be made immediately and that any imposed criminal monetary penalty would be due during imprisonment. [Id.]. The Court noted the Defendant's financial condition at sentencing [ECF No. 263] and did not set a specific restitution payment schedule in its Judgment. [ECF No. 250].

1

The Defendant voluntarily signed a Bureau of Prisons ("BOP") Inmate Financial Plan agreement whereby he agreed to pay $25.00 every three months towards his restitution obligations. [ECF No. 326-1] at 6. The Government attached a contract agreement under the BOP Inmate Financial Responsibility Program ("BOP IFRP") as of August 2023 for the Defendant to pay $35.00 per month toward his restitution obligations. [ECF No. 329-1] at 2.

The Defendant filed the Motion on August 2, 2023 pursuant to 18 U.S.C. § 3664(k) notifying the Court of a change in his economic circumstances and requesting that the Court set a restitution payment schedule. [ECF No. 326]. The Defendant cited advice obtained by the Bureau of Prisons ("BOP") Financial Counselor that suggested that the Defendant request the Court to establish a payment schedule because the Judgment [ECF No. 250] contained no such payment schedule. [Id.]. Defendant further wished to notify the court of his limited ability to make monthly payments and moved for a modification to the payments. [Id.].

In their response, the Government cited the fact that BOP policy does not permit modification on payment schedules during incarceration. [ECF No. 329] at 2. The Government further argued that the petition is properly raised under 28 U.S.C.§ 2241, to which this Court lacks subject matter jurisdiction. [Id.] at 3. Finally, the Government asserted that there cannot be a change in

2

economic circumstances if the Defendant was not ordered to pay any amount on a payment schedule. [Id.].

A motion properly urged under 18 U.S.C. § 3664(k) presents "a challenge to the district court's existing restitution order, rather than ... a challenge to the payment plan created by the [BOP] under the [IFRP]." United States v. Guzman, 560 F. App'x 426, 427 (5th Cir.2014) (per curiam). After the Court sets a restitution payment schedule, a defendant may notify the Court of a "material change in the defendant's economic circumstances that might affect the defendant's ability to pay restitution." 18 U.S.C. § 3664(k). The payment schedule will only be altered if there is a "bona fide change in the defendant's financial condition" that affects his ability to pay restitution. United States v. Tarnawa, 26 F.4th 720, 724 (5th Cir. 2022) (quoting Cani v. United States, 331 F.3d 1210, 1215 (11th Cir. 2003)).

Furthermore, the Court "may, on ... the motion of any party, ... adjust the payment schedule ... as the interests of justice require," if two conditions are met: (1) the defendant "notif[ies] the court *and the Attorney General* of any material change in the defendant's economic circumstances that might affect the defendant's ability to pay restitution"; and (2) "*[t]he Attorney General ... certif[ies] to the court that the victim or victims owed restitution by the defendant have been notified of the change*

3

*in circumstances.*" 18 U.S.C. § 3664(k) (emphases added); see also 18 U.S.C. § 3572(d)(3).

Still, a challenge to a restitution payment schedule set by BOP IFRP is properly raised in a 28 U.S.C. § 2241 petition because it is a challenge to a BOP administrative program and not to any action by the district court. United States v. Diggs, 578 F.3d 318, 319-20 (5th Cir. 2009). A properly stated claim challenging a payment plan created by BOP IFRP "must be brought under § 2241 after all administrative remedies have been exhausted." Diggs, 578 F.3d 318, 320 (5th Cir. 2009). After all administrative remedies have been exhausted, the challenge must then be asserted in the district where the defendant is incarcerated. United States v. Tovar-Valencia, 372 F. App'x 459, 461 (5th Cir. 2010) (citing Diggs, 578 F.3d at 320). "Prisoners cannot use § 3664(k) as a vehicle for a court not in the district of incarceration to modify or suspend IFRP payments." Diggs, 578 F.3d at 320.

Here, Defendant acknowledges that the payments he complains of are established by a voluntary agreement set by BOP IFRP. Although voluntary, an inmate who agrees to participate in the program is obligated to "mak[e] satisfactory progress in meeting his financial responsibility plan. . . ." See C.F.R. § 545.11. The only economic circumstances that have changed since the ordered restitution obligations are that Defendant relies heavily on funds

4

received by family and friends to make the payments required under the agreed-upon BOP IFRP. That is not the sort of "bona fide 'material change in economic circumstances' . . . justify[ing] relief under § 3664 (k)." See United States v. Wooderts, 2008 WL 245352, *2 (N.D. Tex. Jan. 29, 2008).

Even if the Defendant could show a bona fide material change, the Court is still not persuaded that Defendant can make a requisite showing under § 3664(k). The Defendant has not notified the Attorney General of any changes in his economic circumstances that may affect his ability to pay restitution, and the Attorney General has not certified to this Court that the victims who are owed restitution by the Defendant have been notified of the material change. The Court cannot even consider this issue until both requirements are met.

Finally, even if the Defendant could show a bona fide material change, and even if the Defendant satisfied the two conditions under § 3664(k), the Defendant is not challenging a payment schedule made by the Court because the Court did not set a payment schedule. Instead, the Defendant is opposing the payment schedule under the current BOP IFRP. "That program is administered by the BOP, and a challenge to BOP administrative programs must be filed under 28 U.S.C. § 2241 and in the district of incarceration." Diggs, 578 F.3d at 319. The Fifth Circuit requires a claim under

§ 2241 be brought in the district of incarceration because the court must have jurisdiction over the prisoner or his custodian at the time a § 2241 petition is filed. Lee v. Wetzel, 244 F.3d 370, 374 (5th Cir. 2001). Because the Defendant is presently confined at the ADX Florence, Colorado, this Court lacks jurisdiction to consider the Defendant's requested relief.

Accordingly, IT IS ORDERED that Defendant's Motion [ECF No. 326] is DENIED WITHOUT PREJUDICE.

SO ORDERED, this 27th day of September, 2023.

/s/ David Bramlette
DAVID C. BRAMLETTE III
UNITED STATES DISTRICT JUDGE